UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

       Plaintiff,

       v.

ARLENE MARTIN, et al.,

       Defendants.
------------------------------------------------------------X

ORDER
07-CIV-796(ARR)(SMG)

*Gold, S., United States Magistrate Judge:*

    Defendants have filed two documents, styled respectively as a "First Motion for Joinder of Necessary Party by All Defendants" and a "First Motion for Reconsideration of Sanctions by All Defendants." For the reasons stated below, both motions are denied.

    First, neither "motion" complies with the court's local rules. Each "motion" is actually an affirmation submitted by defendants' counsel; neither is supported by a memorandum of law. Local Civil Rule 7.1, however, requires that all motions be supported by a memorandum of law, and provides that failure to submit a legal memorandum is in and of itself sufficient cause for denial of the motion.

    Even if I were to reach the merits of these motions, I would deny them. The motion for joinder asserts that Gilles Joseph, an individual who is not a defendant, paid Cablevision for the program that plaintiff asserts it had the exclusive right to distribute. Defendants seek an order directing plaintiff to file an amended complaint naming Joseph and Cablevision as parties. Defendants' allegations seem to be ones which might form the basis of a defense to liability; it is less clear that they support the conclusion that this case can not proceed without the joinder of these additional parties. In any event, if defendants believe that additional parties should be

brought into this litigation, they may – subject to any applicable chambers rules, such as those that might require a pre-motion conference – bring a motion supported by legal authority seeking to do so. This motion is therefore denied without prejudice to defendants' right to bring a formal motion seeking to add parties to this lawsuit. Before doing so, however, defendants should confer with plaintiff to see whether the existing parties to this litigation are able to agree upon a means for joining the additional parties in issue.

Defendants' second motion seeks reconsideration of an order I entered on August 1, 2007, directing defendants' counsel to pay $724.50 in fees and costs to plaintiff's counsel and not to pass the charge on to defendants. I entered that order because defendants' counsel – who failed to appear at the initial conference on May 30, 2007, and participated at that conference only when reached by telephone by the court – again failed to appear at a conference held on July 20, 2007. Instead, counsel sent a per diem attorney who appeared at the conference for the sole purpose of seeking an adjournment.

Defendants' motion for reconsideration argues in essence that, because plaintiffs have not produced discovery materials, defendants are not in a position to agree to or consummate a settlement. However, compliance with outstanding discovery demands and setting a schedule for completing discovery were among the subjects that would have been addressed at the conference had defendants been represented by counsel familiar with the case. Instead, for the second time, counsel for plaintiff arrived in court, prepared to set a case management schedule, discuss outstanding discovery disputes and consider the possibility of settlement, only to find that defendants had not sent a similarly prepared representative.

For the reasons stated above, defendants' motions are denied.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
August 3, 2007

U:\martin 080307.wpd